IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAMES SCOTT<br>166 Maryland St., NW<br>Warren, OH 44483<br><br>　　　　Plaintiff,<br><br>v.<br><br>GREAT LAKES CHEESE CO. INC.<br>1782 Great Lakes Pkwy., # 422<br>Hiram, OH 44234<br><br>　　　　Defendant. | CASE NO. _____<br><br>JUDGE _____<br><br><br><br><br>COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

Plaintiff, James Scott, (hereinafter referred to as "Plaintiff "), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendant of the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et. seq.*), and the Family and Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601 *et. seq.*). Plaintiff was unlawfully terminated and suffered damages, as more fully described herein.

## PARTIES

2. Defendant is a for-profit cheese manufacturing company incorporated in the State of Delaware, and doing business in Geauga County, Ohio. It employs over 2,600 workers.

3. Plaintiff is an adult and a resident of Trumbull County, Ohio; he was employed by the Defendant.

4. At all times relevant herein, Defendant acted by and through its agents, servants, employees -- each of whom acted in the course and scope of their employment in furtherance of the Defendant's business.

## JURISDICTION & VENUE

5. The United States District Court for the Northern District of Ohio has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 since Plaintiff's claims arise under the laws of the United States.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), because Defendant conducts business in this judicial District, and because a substantial part of the acts and/or omissions giving rise to the claim set forth herein occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state-law claims because such claims arise out of the common nucleus of operative facts as his federal claims asserted herein.

7. Within 300 days of the conduct alleged below, Plaintiff filed a Charge of Age Discrimination against Defendant with the Ohio Civil Rights Commission, which was also forwarded to the Equal Employment Opportunity Commission ("EEOC"), as Charge No. 22A-2017-01731. See Plaintiff's Exhibit A.

8. On August 1, 2018, the EEOC sent Plaintiff a dismissal of his charge and a Notice of the Right to Sue letter. See Plaintiff's Exhibit B.

9. Plaintiff is filing his complaint within 90 days of August 7, 2018 -- the day that the Notice of Right to Sue letter was received.

10. Plaintiff has effectively exhausted his administrative remedies pursuant to 29 CFR §1614.407(b).

## FACTS

11. Plaintiff was hired by Defendant in December 31, 2006 as a materials handler making $9.90 per hour. He worked that position for nine and half years, to July13, 2016, when he was discharged for excessive absenteeism.

12.  Plaintiff is 57 years old.

13. On August 6, 2015, Margaret Scott, Plaintiff's wife, died from advanced pulmonary fibrosis and COPD. She was ill for several years prior to that and Plaintiff used his FMLA days to assist and comfort his spouse.

14. When his wife died, Plaintiff took a week bereavement leave with the approval of the Defendant.  Plaintiff returned to work, but as the days went by, he had difficulty coping with the loss of his spouse and he missed several days of work, thus accumulating 8 points under Defendant's 10-point system.

15. Though Defendant had erred in calculating the accumulation of the 8 points, it nonetheless made Plaintiff sign a last chance agreement that he otherwise would not have had to sign because he, in fact, did not have 8 points.

16.  Defendant had acknowledged this error and Becky in the personnel office told him that one point will be taken off.

17.  In fact, no point was taken off despite Defendant's miscalculation and on July 12, 2016, Defendant discharged Plaintiff for accumulating 10 points.  Moreover, the Plant Manager told him that he can reapply for his old job in 6 months -- but he would lose all his benefits and pay raises and start as a new employee. If Plaintiff had continued to work for another 6 months, he would have been vested with 10 years of service with Defendant.

### COUNT I
### (Violations of the ADEA – Age Discrimination)

18. Paragraphs 1 through 17 are realleged and incorporated by reference.

19. Plaintiff is an individual over the age of forty (40) and was fully qualified to perform the functions of his job.

20. However, Defendant discharged Plaintiff and hired younger candidates to fulfill his job duties.

21. Plaintiff therefore believes Defendant committed violations of ADEA by using his age is a determinative factor in its decision to discharge him.

22. Plaintiff properly exhausted his administrative remedies to proceed with his ADEA claims, as he timely filed a charge of discrimination with the EEOC and filed the instant claims within 90 days of receiving notice of his right to sue.

## COUNT II
### (Violations of the Family and Medical Leave Act – Retaliation)

23. Paragraphs 1 through 22 are realleged and incorporated by reference.

24. Plaintiff was an eligible employee under the definition of terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(a)(i) (ii).

25. Plaintiff requested leave from the Defendant, his employer, with whom he had been employed for at least 12 months pursuant to the requirements of 29 U.S.C.A. § 20611(2)(i).

26. Plaintiff had at least 1,250 hours of service with the Defendant during his last full year of employment.

27. Defendant engaged in an industry affecting commerce and employees fifty (50) or more employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

28. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. §2612 (a)(1) for a total of twelve (12) weeks of leave on an intermittent or block basis.

29. Plaintiff took an FMLA-qualifying leave to attend to his ill wife, but Defendant earmarked a portion of that leave in error and deemed it as absenteeism against Plaintiff.

30. Though the Defendant realized its FMLA calculation error, and even promised Plaintiff to correct it, Defendant nonetheless used the erroneous FMLA calculation to assess absenteeism against Plaintiff after the death of his wife -- and further used it as a basis to discharge him.

31. Plaintiff believes that his FMLA leave to attend to his wife was a motivating factor in Defendant's decision to discharge him, versus other individuals.

## COUNT III
### (Breach of Contract – Promissory Estoppel)

32. Paragraphs 1 through 31 are realleged and incorporated by reference.

33. Defendant promised Plaintiff it will correct its error in calculating his FMLA allowed days and assured him that his accumulated points under Defendant's 10-point system will be 7 and not 8 as Defendant had previously determined.

34. Plaintiff relied on Defendant's promise to make the point correction and his reliance on Defendant's promise was both reasonable and foreseeable.

35. Nonetheless, Defendant breached its promise and did not correct Plaintiff's accumulated points, but instead used the erroneous calculation to force him to enter into a last chance agreement -- and Defendant further used the erroneous calculation to discharge him.

36. Defendant did so knowingly and deliberately -- and in utter disregard to the rights of Plaintiff.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to compensate Plaintiff, reimbursed him and make him whole for any and all pay and benefits he would have received, had it not been for Defendant's illegal actions; including but not limited to backpay, front pay, vacation pay, pay increases, bonuses, medical and other benefits, pension, and seniority. Plaintiff should be accorded those benefits illegally

withheld from the date he suffered the aforesaid unlawful actions in the hands of the Defendant until the date of verdict;

      B. Plaintiff be awarded punitive/exemplary damages as permitted by applicable law, an amount believed by the Court or trier of fact to be appropriate to punish the Defendant for its willful and deliberate conduct, and to deter Defendant and other employers from engaging in such misconduct in the future;

      C. Plaintiff is to be accorded any and all other equitable legal relief as the Court deems just, proper and appropriate (including but not limited to emotional distress damages);

      D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

      E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

      F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed his jury demand on the caption of this complaint in accordance with Fed. R. Civ. P. 38(b).

                                        Respectfully submitted,

                                        /s/ Irene K. Makridis
                                        _____
                                        Irene K Makridis #0016760
                                        Counsel for Plaintiff
                                        155 S. Park Ave., Suite 160
                                        Warren, Ohio 44483
                                        330-394-1587; fax 330-3070
                                        office@makridislaw.com